399 S.E.2d 29 (1990)
Marvin Maurice MUNDY, Appellant,
v.
COMMONWEALTH of Virginia, Appellee.
Record No. 0221-88-2.
Court of Appeals of Virginia.
December 18, 1990.
Steven D. Benjamin, Richmond, for appellant.
Robert B. Condon, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., on briefs), for appellee.
Before KOONTZ, C.J., and BAKER, BENTON, COLEMAN, DUFF, MOON, COLE and WILLIS, JJ.

UPON REHEARING EN BANC
On April 3, 1990, 390 S.E.2d 525, a majority of a panel of the Court affirmed the judgments of the trial court. Mundy's petition for rehearing en banc was granted and heard on October 22, 1990. For the reasons stated in the panel's majority opinion, we affirm the judgments of the trial court.
COLEMAN, J., with whom MOON, J. concurs:
I would affirm the judgments of the trial court, but for the reason that the admission of Mundy's statements into evidence, although erroneous because they were taken when he had not knowingly waived his fifth amendment right to counsel, were nevertheless harmless beyond a reasonable *30 doubt. For the reasons more fully explained in Judge Benton's dissent to the panel opinion, I am of the view that Mundy's statements were made after he had invoked his right to have counsel present and at a time when the evidence fails to show that he had knowingly and voluntarily waived that right. However, Mundy's statements did not in any way tend to prove that he was the "triggerman" in either the capital murder charge or in the first degree murder charge, which was the only issue that Mundy actively challenged. Furthermore, there is no suggestion at trial or on appeal that, because Mundy's admissions were to be admitted in evidence, that he limited his challenge at trial to whether he was the triggerman and, as a result thereof, did not challenge his participation in the robbery or murder as a principal in the second degree. Thus, because Mundy's statements implicated him only to the extent that they tended to prove that he was present and participated in the crimes, which facts he did not contest and which independent evidence clearly established, I fail to find that he was prejudiced by the admission into evidence of his involuntary statements which did no more than corroborate what had been independently established.
BENTON, J. would reverse the judgments of the trial court for the reasons stated in the dissenting opinion of the original panel decision.
This order shall be published and certified to the trial court.