COURT OF APPEALS OF VIRGINIA


Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


SONNE M. BAILEY, s/k/a
 SONNE' M. BAILEY, a/k/a
 SHAWN MICHAEL BAILEY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1620-99-1          JUDGE ROBERT J. HUMPHREYS
                                         JUNE 13, 2000
COMMONWEALTH of VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                     E. Everett Bagnell, Judge

          Sheldon C. Worrell, Jr., for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Sonne M. Bailey, appellant, was convicted in a bench trial of

robbery, use of a firearm in the commission of a robbery, and

possession of a firearm after having been convicted of a felony.

The sole question on appeal is whether the trial court erred in

denying appellant's post-trial motion for a new trial based upon

after-discovered evidence.  For the reasons that follow, we affirm

the decision of the trial court.

                         I.  BACKGROUND

     James Timmons testified that on the night of February 23,

1998, he was with William Wellons when they encountered appellant.

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

At appellant's request, Timmons gave a pistol he was carrying to appellant. The three men walked until they saw Lamont Artis. Wellons and appellant approached Artis. Shortly thereafter, a man approached appellant and Artis for the purpose of buying drugs. Appellant and Artis argued over who would make the sale. Timmons testified that appellant grabbed Artis, pulled out a gun and demanded Artis' drugs and money. Wellons went through Artis' pockets and Artis surrendered a piece of crack cocaine. One of the men also took Artis' gold chain and pendant. Timmons testified that appellant hit Artis twice in the head then fled with Timmons and Wellons.

The three men subsequently rendezvoused with Antonio Cotton, who was driving Timmons' car. When police stopped the car shortly thereafter, they recovered Timmons' pistol from underneath the front seat. A police officer also recovered Artis' gold chain and pendant from the pavement in a spot closest to where appellant was sitting in the car.

Officer K.C. Hutt testified that when he served the felony warrants on appellant, appellant asked whether the victim could drop the charges. Hutt testified that he told appellant that Artis could not drop the charges but that if Artis did not testify, appellant probably would not be convicted. Appellant then stated, "I'll take care of that." The victim did not testify at the trial.

-

Lamont Freeman was called by the defense and testified that he saw appellant, Timmons and Wellons with Artis, but was too far away to hear any conversation. Freeman stated that Wellons hit Artis with a gun and went through Artis' pockets. Freeman testified he saw appellant run from the scene, but did not see appellant strike Artis.

On cross-examination, Freeman conceded that in a statement to the police on the day after the robbery, he claimed to have heard appellant demand money from Artis. He also told police that Wellons punched Artis in the face and that appellant then struck Artis with a gun. Freeman further told police that Wellons went through Artis' pockets and took money and jewelry.

Appellant was convicted as charged. The next day, Freeman approached counsel for appellant and gave a written statement. On April 6, 1999, Freeman provided an affidavit. In his statement and affidavit, Freeman claimed he saw appellant and Artis fighting, but denied seeing a gun. In his affidavit, though not in his statement, Freeman claimed he lied because Cotton was in court and Cotton told "William Willis" (presumably William Wellons) that Freeman "said his name in court and he and William were going to fight over it."

At the hearing on appellant's motion for a new trial, Freeman testified that appellant ran away from the scene before Wellons and Timmons stepped up and went through Artis' pockets. Freeman admitted that he lied in his statement to police and in his

-

testimony at the trial.  He stated that Artis had paid him to make the February 24, 1998 statement to the police and to testify on Artis' "behalf" at trial.  Freeman further explained that he lied at trial because Cotton was present in court, that Cotton knew Wellons, and that he was afraid of Wellons.

## II.  ANALYSIS

"Motions for new trials based upon after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution and are awarded with great reluctance."  Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983).  Because the granting of such a motion is addressed to the sound discretion of the trial court, that decision will not be reversed absent an abuse of discretion.  See Mundy v. Commonwealth, 11 Va. App. 461, 481, 390 S.E.2d 525, 536, aff'd on reh'g en banc, 399 S.E.2d 29 (1990).

> Because of the need for finality in court adjudications, four requirements must be met before a new trial is granted based upon an allegation of newly-discovered evidence: (1) the evidence was discovered after trial; (2) it could not have been obtained prior to trial through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) is material, and as such, should produce an opposite result on the merits at another trial.

Id. at 480, 390 S.E.2d at 535.  We have also held that the burden is on the moving party to show that all four of these requirements

-

have been met in order to justify a new trial.  See Carter v. Commonwealth, 10 Va. App. 507, 512-13, 393 S.E.2d 639, 642 (1990).

Granting that Freeman came forward with his new information the day after the trial and assuming, without deciding, that the testimony offered by Freeman at the hearing on the motion for a new trial was not "cumulative, corroborative or collateral," we turn to the remaining requirements set forth in Mundy.  First, we examine whether appellant has established that the evidence could not have been obtained prior to trial through the exercise of reasonable diligence.  Second, we examine whether the evidence discovered is such that is likely to produce an opposite result in a new trial.

"'It is not sufficient to say merely that the evidence could not have been discovered by the use of due diligence.  The application for a new trial must set forth in affidavits facts showing what efforts were made to obtain the evidence and explaining why those efforts were to no avail.'"  Mundy, 11 Va. App. at 483, 390 S.E.2d at 537 (quoting Fulcher v. Whitlow, 208 Va. 34, 38, 155 S.E.2d 362, 365 (1967)) (other citation omitted).  In support of his motion for a new trial, counsel for appellant filed a one-paragraph affidavit which simply stated that he filed a motion for discovery, met with his client on several occasions, and met with Freeman prior to trial.  This affidavit provided no assistance to the trial court in trying to determine if the evidence could have been discovered through reasonable diligence.

-

Finally, we cannot say that the trial court was plainly wrong in finding that Freeman's changed testimony would not produce a different result if appellant were to be tried again.  His earlier inconsistent statements to the police undermined Freeman's credibility at the trial.  His credibility at any new trial would be considered in light of those inconsistencies as well as his admitted perjury and his admission that he lied to the police.

Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for a new trial.

Affirmed.