COLEMAN, Judge.
The trial court convicted Mustafaa Johnson in a bench trial of distributing cocaine in violation of Code § 18.2-248. On appeal, Johnson contends the trial court abused its discretion by failing to grant him a hearing or new trial based on newly discovered evidence. He also asserts that the Commonwealth violated his constitutional right to obtain exculpatory evidence by not providing him with information concerning a witness’ criminal charges and convictions. Finding no error, we affirm.

BACKGROUND

Linda Jones, a paid informant working with a drug task force, testified that on November 28, 1997, Investigator Vaughan gave her money to make a controlled purchase of cocaine. Jones stated that after receiving the money she returned to her motel room where she arranged to and did purchase cocaine from Mustafaa Johnson at about 6:00 p.m. that evening. Jones had known Johnson for about three weeks prior to the purchase.
*41 On direct examination, Jones testified that she had been convicted of four felonies involving food stamp fraud and of feloniously taking a minor across state lines. Jones denied that she had any other convictions for offenses involving lying, cheating, stealing, shoplifting, or petit larceny.
Jones testified that when she made the buy she was working with the drug task force making controlled drug purchases. She stated that her reason for doing so was that a drug dealer had attempted to sell drugs to her twelve-year-old daughter. She also admitted that she had used drugs. She further stated that the Commonwealth had never dismissed a criminal charge against her as an incentive or reason for her to work with the task force.
Investigator Vaughan testified that before the controlled buy he searched Jones and her vehicle for drugs and found none. After Jones received the purchase money, Vaughan observed Jones return to her motel room. Vaughan testified that at approximately 6:29 p.m. an individual knocked on the motel room door, entered the room, and exited the room. Vaughan stated that after the individual left the motel room, Jones met Vaughan at a pre-arranged location at about 6:45 p.m. and gave him the cocaine that she said she had purchased. Vaughan testified that Jones was paid for making the purchase and for testifying in court. Vaughan testified that he has worked with Jones on about twenty-five to thirty drug cases, all of which have resulted in convictions.
Johnson made a motion to strike the evidence at the end of the Commonwealth’s case. He argued that Jones’ demeanor on the witness stand was evasive and that her testimony was incredible and biased. Johnson also asserted that the Commonwealth had impeached Jones by proving her prior criminal record of five felony convictions and that her testimony should not be believed.
The trial court overruled the motion to strike Jones’ testimony. The trial court found that Jones had the “appearance of being honest and candid” and that she was a “very credible” witness.
*42 Johnson testified and denied that he sold cocaine to Jones.
At the close of the evidence, Johnson again argued that Jones’ testimony was incredible because she was a convicted felon, a former drug user, and because she was paid to testify. The trial court found Johnson guilty of the charged offense, reiterating that it found Jones’ testimony to be “unequivocal” and not “incredible in the least.”
After Johnson was sentenced, he filed a motion for rehearing or a new trial based on newly discovered evidence. Johnson attached to the motion an affidavit from a private investigator. The affidavit stated that Jones has used several names and has possibly used several different social security numbers. The affidavit further stated that Jones had several show cause orders and a capias issued against her at about the same time she was working with the drug task force.
At a hearing held on the motion, Johnson argued that the outstanding show cause orders, which the Commonwealth did not disclose, proved that Jones had or may have had a motivation for working with law enforcement and for testifying in court, which was to avoid going to jail. Johnson acknowledged, however, that the evidence of the show cause orders “may not [have been] admissible” as impeachment evidence at trial. Johnson also asserted that Jones had several misdemeanor convictions for assault and battery and being drunk in public. Additionally, Johnson contended he had newly discovered evidence that an officer from the South Hill Police Department would testify that Jones has a reputation in the community for being dishonest. Johnson argued that all of this after-discovered evidence would have impeached Jones’ trial testimony and would have proved that Jones testified untruthfully. Johnson requested a hearing in order to “more properly” present this newly discovered evidence.
The trial court ruled that most of the proffered evidence was irrelevant and not admissible at the trial and that the evidence which might have been admissible was not sufficient to meet the requirements for granting a hearing or new trial.

*43
ANALYSIS

“Motions for new trials based upon after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance.” Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983). Because the granting of such a motion is addressed to the sound discretion of the trial court, that decision will not be reversed absent an abuse of discretion. See Mundy v. Commonwealth, 11 Va.App. 461, 481, 390 S.E.2d 525, 536, aff'd on reh’g en banc, 399 S.E.2d 29 (1990).
Because of the need for finality in court adjudications, four requirements must be met before a new trial is granted based upon an allegation of newly-discovered evidence: (1) the evidence was discovered after trial; (2) it could not have been obtained prior to trial through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) is material, and as such, should produce an opposite result on the merits at another trial.
Id. at 480, 390 S.E.2d at 535. The burden is on the moving party to show that all four of these requirements have been met in order to justify a new trial. See Carter v. Commonwealth, 10 Va.App. 507, 512-13, 393 S.E.2d 639, 642 (1990).
Jones’ prior misdemeanor convictions for assault and battery and being drunk in public were not crimes involving moral turpitude and would not have been admissible at trial to impeach Jones.
“Where the purpose of the inquiry is to impeach a witness’ veracity, cross-examination concerning a witness’ prior convictions is limited to prior felony convictions and convictions for misdemeanors involving moral turpitude.” Misdemean- or crimes of moral turpitude are limited to those crimes involving lying, cheating and stealing, including making a false statement and petit larceny.
Newton v. Commonwealth, 29 Va.App. 433, 448, 512 S.E.2d 846, 853 (1999) (citation omitted).
*44 In addition, Johnson offered no evidence tending to prove that Jones was motivated to testify or work with the drug task force by any promises of leniency resulting from the issuance or disposition of the show cause orders or the capias. As the trial judge commented, ‘You are just surmising that because [the show cause orders were issued] in the same time period that that was her motivation, is that correct?” Johnson’s counsel replied, ‘Yes, I think that is part of it.”
Furthermore, Jones’ credibility was impeached at the trial by proof that she had been convicted of five felonies. Thus, even if the evidence of the show cause orders and capias was somehow admissible, which has not been shown on this record, that evidence does not constitute significant additional impeachment of Jones’ credibility. The evidence from a police officer that Jones had a reputation in the community for being untruthful would have been available at the first trial and could have been available with due diligence.
Finally, the evidence proffered by Johnson was not likely to produce a different result at trial. “Before setting aside a verdict, the trial court must have evidence before it to show in a clear and convincing manner ‘as to leave no room for doubt’ that the after-discovered evidence, if true would produce a different result at another trial.” Carter, 10 Va.App. at 513, 393 S.E.2d at 642 (citation omitted). Accordingly, the trial court did not abuse its discretion in denying Johnson’s request for an evidentiary hearing or his motion for a new trial. The proffered evidence either was not admissible or was not shown to be likely to lead to the discovery of other evidence that would produce a different result at trial. The burden was on Johnson to produce newly discovered evidence to justify an evidentiary hearing or a new trial. The trial court has no responsibility to convene an evidentiary hearing post-trial to enable a defendant to conduct discovery in hopes of finding evidence to impeach the judgment of the court.
Johnson also contends the Commonwealth violated his due process rights by failing to provide him with a copy of Jones’ criminal record and information about Jones’ relation *45 ship with other police departments and the Mecklenburg Circuit Court.
The discovery order entered in the case directed the Commonwealth “to provide the attorney for the accused with the record of any felony convictions or the convictions of any misdemeanor involving moral turpitude of any Commonwealth witness who testifies, such information to be provided immediately upon the conclusion of such witness’ testimony in chief.”
Due process is violated if the prosecution suppresses requested evidence favorable to the accused and the evidence suppressed is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). Evidence is “material,” and its nondisclosure justifies reversal on appeal, only “if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). Johnson has failed to establish a “reasonable probability” that disclosure of the evidence would have affected the trial. Wood v. Bartholomew, 516 U.S. 1, 5-6, 116 S.Ct. 7, 9-10, 133 L.Ed.2d 1 (1995) (no Brady violation for failure to disclose polygraph tests).
The evidence that Jones had prior felony convictions was admitted at the trial during the Commonwealth’s direct examination of Jones. Therefore, Johnson has demonstrated no prejudice as a result of the Commonwealth’s failure to disclose that information.
Evidence concerning Jones’ prior misdemeanor convictions was not admissible at trial because the convictions did not involve offenses of moral turpitude. Therefore, any failure to disclose that information did not violate Brady.
Furthermore, given that Jones admitted the felony convictions, her former drug use, and that she was a paid informant, we find there is no reasonable probability that disclosure of additional impeaching information in the form of the show causes and capias would have led the trial court to a *46 different conclusion. “The mere possibility that an item of undisclosed information might have helped the defense ... does, not establish ‘materiality* in the constitutional sense.” United States v. Agurs, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). Indeed, Johnson’s counsel stated during argument, “I am not suggesting that having her criminal record would necessarily make a difference one way or the other.” Accordingly, there was no Brady or discovery violation.
Therefore, we affirm.

Affirmed.