COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


DARYL ANTONIO HARVEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1536-04-1                   JUDGE ROBERT J. HUMPHREYS
                                                       OCTOBER 11, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Johnny E. Morrison, Judge

              James O. Broccoletti (Zoby & Broccoletti, P.C., on briefs), for
              appellant.

              Michael T. Judge, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for appellee.


       Appellant Daryl Antonio Harvey ("Harvey") appeals his convictions, following a bench

trial, for aggravated malicious wounding, in violation of Code § 18.2-51.2, and use of a firearm

in the commission of a felony, in violation of Code § 18.2-53.1.  Harvey contends that the trial

court erroneously denied his motion to strike the testimony of a witness, arguing that, by failing

to provide him with that witness' criminal history prior to trial, the Commonwealth violated the

disclosure rule established in Brady v. Maryland, 373 U.S. 83 (1963).  However, because the

criminal history of the witness was provided to Harvey during trial and its contents were

disclosed during cross-examination, we hold that Harvey has failed to establish actual prejudice.

Accordingly, we affirm.

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

I.

In accord with settled standards of appellate review, we view the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth, the party prevailing below. Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004). So viewed, the evidence in this case establishes that, at approximately 1:30 a.m. on May 18, 2003, Harvey entered "Rumors," a pool hall located in Portsmouth, Virginia. Harvey walked to the back of the pool hall and shot Gregory Cooper at least twice, wounding him in the stomach and the left foot.[1]

A grand jury indicted Harvey for aggravated malicious wounding and use of a firearm in the commission of a felony. Upon request of defense counsel, the trial court entered a pretrial discovery order providing that Harvey was to be given "[a]ll records and/or information revealing any prior felony convictions, or misdemeanor convictions involving moral turpitude which may be attributed to each Commonwealth witness called upon to testify." In a written response to the discovery order, the Commonwealth asserted that it was "not presently aware of any such information existing as to any of it's [sic] witnesses."

Harvey pled not guilty to the charged offenses and waived his right to a jury trial. During the resulting bench trial, the Commonwealth called Cooper as one of its witnesses. On cross-examination, the first question posed by defense counsel was whether Cooper had any prior felony convictions. Cooper responded, "Yes, sir." Defense counsel then advised the trial court that he had not been provided with Cooper's criminal history, informing the court that he "would like to have the criminal history before [] continu[ing] with the cross-examination of the

---

[1] About a week earlier, Harvey returned home and found Cooper inside his house, where Cooper had just finished having sex with Harvey's wife. Harvey "swung" at Cooper, and Cooper pushed Harvey against the wall. Cooper told Harvey that he was not going to fight "over no girl," and he left the house.

witness, because [counsel] can't effectively cross-examine him about something that [counsel] may believe to be correct, but not know for sure."

Before cross-examination resumed, the Commonwealth gave defense counsel a copy of Cooper's criminal record.[2] After receiving a copy of Cooper's criminal history, however, defense counsel requested that Cooper's testimony be stricken from the record, reasoning that, "but for discovering on my own that this witness had a criminal record, I never would have known it." The Commonwealth conceded that it had violated the pretrial discovery order, but reasoned that there was no need to strike Cooper's testimony because the prosecutor had now "provided [defense counsel] with the criminal history of Mr. Cooper." The trial court agreed and denied Harvey's motion to strike the testimony.[3]

Defense counsel then resumed Cooper's cross-examination. Cooper admitted that he had been convicted of several prior felonies, including "armed robbery, use of a firearm, statutory burglary, burglary, burglarious tools, [] forge[ry], utter[ing]," larceny, and possession of stolen property. Overall, Cooper said that he had been "convicted of a lot of things, like eleven, I believe."

After the Commonwealth rested, Harvey presented evidence that he had shot Cooper in self-defense. The trial court rejected Harvey's plea of self-defense and found him guilty on both counts. Harvey appeals.

---

[2] Although Harvey argues that the record fails to indicate whether Cooper's criminal history was actually provided to defense counsel, his argument is unavailing. Specifically, before cross-examination resumed, the prosecutor stated, on the record, that he "ha[d] provided [Cooper's] criminal history to [defense counsel]."

[3] After being provided with Cooper's criminal history, Harvey did not renew his motion for a continuance.

II.

"The remedial relief to be granted by the trial court following a discovery violation or upon the late disclosure of evidence is within the trial court's discretion." Moreno v. Commonwealth, 10 Va. App. 408, 420, 392 S.E.2d 836, 844 (1990). Accordingly, the trial court's denial of Harvey's motion to strike Cooper's testimony will not be reversed on appeal absent an abuse of discretion. See id.

"A criminal defendant does not have a right to discovery, except as to exculpatory evidence." Nelson v. Commonwealth, 41 Va. App. 716, 727 n.7, 589 S.E.2d 23, 28 n.7 (2003). A criminal defendant's right to discover evidence in his favor, however, encompasses evidence that might be used to impeach the prosecution's witnesses. See Brady, 373 U.S. at 87; see also United States v. Bagley, 473 U.S. 667, 676 (1985); Lovitt v. Warden, 266 Va. 216, 245, 585 S.E.2d 801, 817 (2003), cert. denied, 541 U.S. 1006 (2004). Citing Brady, Harvey argues that the trial court should have granted his motion to strike because the Commonwealth failed to disclose evidence that might have been used to impeach Cooper, thereby violating Harvey's due process rights. We disagree.

In order to reverse a judgment relating to the Commonwealth's failure to disclose exculpatory evidence, "'a reasonable probability [must exist] that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Patterson v. Commonwealth, 3 Va. App. 1, 8, 348 S.E.2d 285, 289 (1986) (quoting Bagley, 473 U.S. at 682); see also Lovitt, 266 Va. at 244, 585 S.E.2d at 817. Moreover, where the suppressed exculpatory evidence is actually provided to defense counsel at some point before or during trial, the defendant must also show "'*that the failure to earlier disclose prejudiced him because it came so late that the information disclosed could not be effectively used at trial*.'" Read v. Va. State Bar, 233 Va. 560, 564-65, 357 S.E.2d 544, 546-47 (1987) (quoting United States v. Darwin, 757 F.2d

1193, 1201 (11th Cir. 1985)) (emphasis in original). Thus, "[i]t is the defendant's ability to utilize the evidence at trial, and not the timing of the disclosure, that is determinative of prejudice." Moreno, 10 Va. App. at 417, 392 S.E.2d at 842.

Although we do not condone, and indeed are greatly troubled by, the conduct of the prosecutor in this case, this Court and the Virginia Supreme Court have consistently held that, when a witness' criminal history is disclosed in time for the witness' prior convictions to be used as impeachment evidence, no Brady violation has occurred. See, e.g., Bramblett v. Commonwealth, 257 Va. 263, 276-77, 513 S.E.2d 400, 408-09 (1999); Robinson v. Commonwealth, 220 Va. 673, 675-77, 261 S.E.2d 318, 319-20 (1980); Johnson v. Commonwealth, 41 Va. App. 37, 44-46, 581 S.E.2d 880, 884 (2003); Jones v. Commonwealth, 32 Va. App. 30, 45-46, 526 S.E.2d 281, 288-89 (2000); Moreno, 10 Va. App. at 420, 392 S.E.2d at 844.

In Moreno, for example, the Commonwealth "did not provide . . . until mid-trial evidence which tended to impeach one of the Commonwealth's primary witnesses . . . ." 10 Va. App. at 411, 392 S.E.2d at 838. However, defense counsel "effectively utilized the impeachment evidence, despite its untimeliness," and "introduced no evidence post verdict that he had uncovered that might have been obtained and been used at trial had [the defendant] been furnished earlier [the witness'] criminal record . . . ." Id. at 420, 392 S.E.2d at 844. Noting that "[l]ate disclosure does not take on constitutional proportions unless an accused is prejudiced by the discovery violation[]," id. at 417, 392 S.E.2d at 842, this Court held that the trial court did not err in refusing to exclude the witness' testimony.

Similarly, here, the withheld information was disclosed to defense counsel in time for it to be effectively used as impeachment evidence. Because Harvey has not identified any additional items in Cooper's criminal history—which was not made a part of the record on

- 5 -

appeal—that were not disclosed during cross-examination, he has failed to establish that the late disclosure of the criminal history resulted in actual prejudice. See id.; see also Jones, 32 Va. App. at 45-46, 526 S.E.2d at 288 (holding that the trial court did not err in denying a motion for a mistrial "based on the untimely disclosure of [a witness'] criminal history," reasoning that "[d]efense counsel had a copy of [the witness'] criminal record at the time [the witness] testified" and "was able to cross-examine [the witness] effectively," further noting that "[t]he record shows no un-admitted evidence of impeachment value"). And, "[a]bsent a showing that the late disclosure prejudiced the defense, it is not an abuse of discretion for the trial court to refuse to exclude the challenged evidence." Knight v. Commonwealth, 18 Va. App. 207, 212, 443 S.E.2d 165, 168 (1994).

Pointing out that the defense theory "was that of self-defense," however, Harvey also argues that the failure to disclose this information resulted in actual prejudice because it prevented him "from formulating the appropriate strategy, investigat[ing] and calling witnesses on his behalf, and [] mak[ing] an intelligent choice as to a waiver of a jury trial." Although Harvey contends that the withholding of the information affected his trial strategy, he fails to provide, beyond speculation, any additional detail as to how knowledge of Cooper's criminal history would have altered his trial tactics. As we have noted, "[i]t is axiomatic that an appellant cannot establish reversible error by the trial court based on nothing more than speculation or conjecture." Reeves v. Commonwealth, 42 Va. App. 650, 663, 593 S.E.2d 827, 833 (2004); see also Robinson, 220 Va. at 674, 676, 261 S.E.2d at 318, 320 (holding that the trial court did not err in denying a motion for a new trial based on the Commonwealth's failure to disclose the murder victim's prior criminal conviction for assault despite the defendant's argument that the conviction was "'of vital importance' to his plea of self-defense"). Accordingly, we hold that the

trial court did not abuse its discretion by denying the motion to strike Cooper's testimony, and we affirm the judgment below.

Affirmed.
