COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Elder, Humphreys and Huff
Argued at Chesapeake, Virginia

ANTHONY JAMES EASON

                                              MEMORANDUM OPINION* BY
v.        Record No. 0002-12-1                JUDGE LARRY G. ELDER
                                              FEBRUARY 19, 2013

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Timothy S. Fisher, Judge

         Noah D. Weisberg (Weisberg & Weisberg, PLLC, on briefs), for
         appellant.

         Lauren C. Campbell, Assistant Attorney General (Kenneth T.
         Cuccinelli, II, Attorney General, on brief), for appellee.


       Anthony James Eason (appellant) appeals his bench trial convictions for two counts of

aggravated maiming in violation of Code § 18.2-51.2, two counts of using a firearm in the

commission of a felony in violation of Code § 18.2-53.1, and one count of possession of a

firearm by a violent felon in violation of Code § 18.2-308.2.  On appeal, he contends the trial

court erroneously denied his motion to set aside the verdicts based on after-discovered evidence.

The claimed after-discovered evidence was the post-trial affidavit of a witness who had also

made a statement to police prior to trial.  However, the content of that pre-trial statement, as

memorialized in letter form by a police detective, differed from the content of the witness'

post-trial affidavit.  Appellant contends the detective's letter incorrectly recorded the witness'

pre-trial statement and that the post-trial affidavit proved appellant acted in self-defense.  We

_____
       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hold settled principles support the trial court's denial of appellant's motion to set aside the verdicts.  Therefore, we affirm appellant's convictions.

I.

A motion for a new trial based on after-discovered evidence "is a matter submitted to the sound discretion of the circuit court and will be granted only under unusual circumstances after particular care and caution has been given to the evidence presented."  Orndorff v. Commonwealth (Orndorff I), 271 Va. 486, 501, 628 S.E.2d 344, 352 (2006).  "'The real object to be attained in granting a new trial is to prevent an erroneous judgment from becoming final.'"  Indep. Cab Assoc. v. LaTouche, 197 Va. 367, 377, 89 S.E.2d 320, 327 (1955) (quoting Burks Pleading and Practice § 324, at 602-03 (4th ed. 1952)).

A party seeking a new trial must show the evidence at issue:

> (1) appears to have been discovered subsequent to the trial;
> (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983).  The moving party "must establish each of these mandatory criteria."  Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002).[1]  We assume without deciding that the evidence satisfied prongs one and three of the test and focus on prongs two and four.

---

[1] Case law provides that a motion for a new trial must be accompanied by affidavits. Those affidavits must "support the contention that the newly discovered evidence could not have been discovered before the trial by the exercise of due diligence."  Mundy v. Commonwealth, 11 Va. App. 461, 483, 390 S.E.2d 525, 537, adhered to on reh'g en banc, 399 S.E.2d 29 (1990).  An explanation of "[the] efforts made to obtain the evidence and . . . why those efforts were to no avail" "must [also be] set forth in affidavit[] [form]."  Id.

Here, appellant submitted an affidavit from Gwendolyn Priest describing what she claimed to have seen after the shooting.  However, he did not submit an affidavit detailing the efforts he made to speak to Priest prior to trial.  The trial court apparently accepted the averments counsel made regarding his efforts to reach Priest in his written motion and at the related

A.  INABILITY TO DISCOVER EVIDENCE BEFORE TRIAL (Prong 2)

A defendant is "required to show that []he actually attempted to secure [the after-discovered] evidence in a diligent and timely manner [before trial] but was prevented from obtaining the evidence for a particular reason."  Orndorff I, 271 Va. at 502, 628 S.E.2d at 353.  A party is presumed to have "diligently interviewed" witnesses such that he has obtained all relevant information available from them.  Lindamood v. Potomac Power & Light Co., 100 S.E. 868, 971 (W. Va. 1919); see also Michie's Jurisp. New Trials § 24, at 606 (2002).  The reasonable diligence requirement does not permit a defendant to rely on a law enforcement summary of a statement made by a witness.[2]  The court must determine, instead, whether the defendant exercised reasonable diligence prior to trial in attempting to interview the witness himself or through an agent.  "[W]hat is reasonable diligence depends upon the facts and circumstances of each particular case . . . ."  Orndorff I, 271 Va. at 502, 628 S.E.2d at 353.

Here, the evidence supports the trial court's finding that appellant failed to use reasonable diligence to obtain a statement directly from witness Gwendolyn Priest prior to trial.  Appellant knew of Priest's existence and had what he believed to be a correct address for Priest in New York at least nine weeks prior to trial.  He then attempted without success to secure Priest's presence for trial via an out-of-state witness subpoena,[3] but he made no effort to obtain a

---

hearings.  The Commonwealth does not argue that appellant's failure to detail his efforts under oath prevents us from reaching the issue.  Because we hold the representations, if true, fail substantively to establish appellant was entitled to a new trial, we treat counsel's averments as if they were made under oath and proceed to the merits of the analysis.

[2] We need not consider whether different principles might apply to a statement signed or executed under oath by the witness.  We also note appellant does not contend on appeal that Detective Hahn's allegedly erroneous summary of the witness' informal verbal statement constituted a failure to produce exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1968).

[3] When the trial court refused his request to have Priest's travel costs paid by the state, as permitted for indigent defendants under Code §§ 19.2-278 and -330, because appellant had failed

statement from Priest at that time. Although appellant claimed he could not afford to obtain Priest's statement at that time, it was undisputed that less than twelve weeks *after* appellant was convicted, he was able to afford to hire a private investigator to interview Priest in New York, at which time he secured the affidavit at issue. On these facts, the trial court did not abuse its discretion in concluding that appellant failed to use reasonable diligence to discover Priest's statement prior to trial, with or without a request for a continuance.[4] See Mundy v. Commonwealth, 11 Va. App. 461, 483, 390 S.E.2d 525, 537, adhered to on reh'g en banc, 399 S.E.2d 29 (1990) (noting no continuance was requested).

## B. MATERIALITY OF THE EVIDENCE (Prong 4)

"Before setting aside [a] verdict, the trial court must have evidence before it to show in a clear and convincing manner 'as to leave no room for doubt' that the after-discovered evidence, if true[,] would produce a different result at another trial." Carter v. Commonwealth, 10 Va. App. 507, 513, 393 S.E.2d 639, 642 (1990) (quoting Powell v. Commonwealth, 133 Va. 741, 756, 112 S.E. 657, 661 (1922)). Furthermore,

> [w]hen . . . the evidence supporting the new trial motion is contradicted by evidence in opposition to the motion, the circuit court is not permitted to presume that the moving party's evidence

---

to prove his indigency, appellant did not move the court to reconsider or to allow him to furnish evidence of his financial status. Further, when the New York court refused to issue the requested subpoena to compel Priest's presence for trial on the date scheduled because of the lack of provision for travel expenses, appellant chose to proceed to trial rather than to request a continuance in order to interview Priest or secure her presence.

[4] Appellant's concern over also being able to secure the testimony of a different witness, Stacy Chapman, if trial were continued to subpoena Priest does not compel a different result. Appellant's inability to secure Priest's *presence at trial* in June 2008 did not prevent him from obtaining her *statement prior to trial*, at which time he could better have assessed the relative value of the two witnesses' statements in conjunction with the likelihood of being able to obtain the testimony of each one at trial on the date scheduled or at a future date following a continuance. Appellant in fact avers on brief that "[h]ad [he] known . . . that Priest actually had seen [the victims' friends] Marcus George and Rodney Williams both running from the scene and getting into George's vehicle with guns," the version of events Priest gave in her post-trial affidavit, "then he undoubtedly would have asked the Court to continue this case."

- 4 -

is true but is *required to weigh all the evidence presented* in determining whether the moving party has satisfied the materiality standard articulated in <u>Odum</u>. Thus, when a circuit court is presented with conflicting evidence in considering a motion for a new trial, *the court's role resembles that of a fact finder* in determining whether the evidence is such that it *should* produce an opposite result on the merits at a new trial.

<u>Orndorff I</u>, 271 Va. at 504-05, 628 S.E.2d at 354 (emphases added) (citations omitted); <u>see</u> <u>Hopkins v. Commonwealth</u>, 20 Va. App. 242, 250-52, 456 S.E.2d 147, 150-52 (1995) (en banc). In short, if the new evidence is such that it *could*, if believed, produce an opposite result on the merits at a new trial, the trial court must also determine whether it *should* produce such a result, i.e., whether it is credible. If the trial court finds, per <u>Orndorff I</u>, that the new evidence is not credible, this credibility determination controls, and the trial court must deny the motion for a new trial.

Finally, when the circuit court has applied the proper standard, "the appellate court may not substitute its own judgment of the record, but must defer to the circuit court which had the opportunity to assess the credibility of the witnesses and was in the best position to determine the weight to be accorded the evidence." <u>Orndorff v. Commonwealth (Orndorff II)</u>, 279 Va. 597, 605, 691 S.E.2d 177, 181 (2010) (appeal after remand of <u>Orndorff I</u>).

Under these principles, we hold the trial court acted within its discretion in weighing all the evidence and concluding that the information in Priest's post-trial affidavit would not produce a different result in a new trial. We note the record indicates the same judge presided over both appellant's trial for the instant offenses and appellant's motion for a new trial, as well, so the same fact finder who considered the evidence at trial also considered the credibility of Priest's post-trial affidavit. <u>See</u> <u>Odum</u>, 225 Va. at 131, 301 S.E.2d at 149 (upholding the trial court's credibility determinations because "the contents of [the defendant's brother's new] 'confession' would be only the latest in a series of inconsistent statements" and were

contradicted by "the positive, credible, largely unimpeached identification of defendant by the victims"); Hopkins, 20 Va. App. at 250-52, 456 S.E.2d at 150-52 (upholding the denial of a new trial motion where the eyewitness who testified at trial reaffirmed identification of the defendant as the killer and the after-discovered evidence came from witnesses who gave self-contradictory testimony).

Although appellant avers that Detective Hahn "made a mistake" in summarizing Priest's first statement (the statement she made to him prior to trial), the trial court, as the fact finder on the new trial motion, found it was "[Priest who] made a mistake" in her second statement (her post-trial affidavit). The court also ruled explicitly that "[it] [did not] consider [the contents of Priest's post-trial affidavit] to be true." See Carter, 10 Va. App. at 513, 393 S.E.2d at 642 ("Courts may properly require that it shall be made to appear affirmatively that the new evidence tending to show the [claimed] mistake . . . exists beyond question and is not a mere matter of belief or opinion."). Although the trial court did not exercise the opportunity to hear Priest testify and to assess her credibility on that basis, it heard Detective Hahn testify and credited his testimony regarding what Priest had told him immediately following the shooting. The court's credibility finding regarding Hahn's testimony supported the trial court's additional finding that Priest made conflicting statements about what happened and that her pre-trial statement was the accurate one. Thus, the trial court resolved the issue of who made a mistake and the concomitant question of the credibility of Priest's post-trial affidavit against appellant. Cf. Lewis v. Commonwealth, 193 Va. 612, 625, 70 S.E.2d 293, 301 (1952) ("[R]ecantation by a State's witness does not necessarily entitle the accused to a new trial. The opportunity and temptation for fraud are so obvious that courts look with suspicion upon such an asserted repudiation of the testimony of a witness for the prosecution, . . . even though the repudiation be sworn to.").

Further, in addition to finding Priest's post-trial affidavit was inaccurate, the court ruled at trial that "even if there was evidence of the two victims having weapons, [as appellant argues based on Priest's post-trial affidavit,] . . . it is absolutely clear from the evidence . . . that unreasonable force was used on the part of the defendants. . . . Totally unreasonable force . . . even if this was self-defense . . . ." These findings also support the conclusion that Priest's new statement was not "such as should produce an opposite result on the merits at another trial," Odum, 225 Va. at 130, 301 S.E.2d at 149.

## II.

For these reasons, we hold the trial court did not err in denying appellant's motion to set aside the verdicts based on a claim of after-discovered evidence. Therefore, we affirm appellant's convictions.

Affirmed.