COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Chafin and Senior Judge Clements
Argued at Richmond, Virginia

JOEL MALIK HICKLIN

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 0800-15-2              JUDGE JEAN HARRISON CLEMENTS
                                                MAY 3, 2016

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Clarence N. Jenkins, Jr., Judge

                Joan J. Burroughs (Law Offices of Sara M. Gaborik, on brief), for
                appellant.

                J. Christian Obenshain, Assistant Attorney General (Mark R.
                Herring, Attorney General, on brief), for appellee.


        Joel Malik Hicklin ("appellant") was convicted of possession of a firearm by a convicted

felon.  As a result of that conviction, the trial court also found him in violation of his probation.

On appeal, appellant asserts that the trial court erred by denying his motion to set aside the

verdict on the basis that the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963),

when it failed to disclose the charges pending against prosecution witness Shardae Harkless prior

to trial.  He also asserts the evidence was insufficient to support his conviction for possession of

a firearm, and therefore, was likewise insufficient to support his conviction for violating his

probation.  For the reasons that follow, we affirm the trial court.

                                        Background

        "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Wells v. Commonwealth, 65

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence proved that Harkless decided to end her relationship with appellant upon learning of his infidelity with another woman, and began to move his belongings out of her home. Following several arguments over the phone, the two arranged a face-to-face meeting on June 9, 2014, at an apartment complex.

When Harkless drove into the apartment complex parking lot, appellant was standing outside waiting for her. He approached Harkless's vehicle, opened the front passenger door, and sat down inside the car. Appellant put a gun to Harkless's head and began to choke her. Appellant demanded her purse, but Harkless answered it was not in the car. In response, appellant exited the vehicle and walked around to the driver's side. He opened the driver's door, "stuck the gun" in front of Harkless, and fired inside the car. The bullet did not strike Harkless.

Appellant pulled Harkless from the car and threw her to the ground. He beat her, kicked her, and fired his gun into the ground beside her. When Harkless was able to return to her car, she attempted to call the police. However, appellant "snatched" her phone and resumed beating her. When he finished, appellant entered a nearby car driven by a woman. Harkless returned to her car and saw the woman back up in preparation to leave. Angry, Harkless "rammed" the woman's car several times. Appellant got out of the car and ran from the scene. As he fled between apartment buildings, Harkless chased him with her car until she struck a parking barrier.

When Detective Russell arrived at the scene, he spoke with Harkless. She had a bruise on her neck and abrasions on her face. Upon investigating the area, Russell recovered two .40-caliber shell casings near Harkless's car. He also found a small, round hole in the passenger door of Harkless's vehicle that was located just above the height of an occupant's head. The hole "went through and through" the car, and Russell found no bullet inside the vehicle.

- 2 -

Appellant was arrested and stood trial for possession of a firearm by a convicted felon, as well as several other charges. Following his conviction, he moved to set aside the verdict on the basis that the Commonwealth committed a Brady violation. Appellant pointed out that Harkless was the only witness who testified he had a firearm, and, at the time of her testimony, she had been charged in Hopewell with assault, reckless handling of a firearm, and shooting into an occupied vehicle or dwelling.[1] The Commonwealth's attorney conceded he had been aware of the charges pending against Harkless since September 2014, but maintained the charges were not Brady material because they were not convictions and Harkless had not received favorable treatment on the charges in exchange for her testimony.

The trial court denied appellant's motion, and this appeal followed.

Analysis

I.

In his first assignment of error, appellant appeals the trial court's denial of his motion to set aside the verdict on Brady grounds. "A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. West Virginia, 547 U.S. 867, 869 (2006). "Brady obligations extend not only to exculpatory evidence, but also to impeachment evidence[.]" Coley v. Commonwealth, 55 Va. App. 624, 630, 688 S.E.2d 288, 292 (2010).

> There are three components of a violation of the Brady rule of disclosure:
>
> "a) The evidence not disclosed to the accused must be favorable to the accused, either because it is exculpatory, or because it may be used for impeachment; b) the evidence not disclosed must have been withheld by the Commonwealth either willfully or inadvertently; and c) the accused must have been prejudiced."

---

[1] Prior to trial, the Commonwealth disclosed to appellant that Harkless had charges pending in Hanover for making a false report to law enforcement, and appellant cross-examined her about those charges at trial.

Hicks v. Dir., Dep't of Corr., 289 Va. 288, 299, 768 S.E.2d 415, 420 (2015) (quoting Workman v. Commonwealth, 272 Va. 633, 644-45, 636 S.E.2d 368, 374 (2006)).

> "In making a Brady challenge, '[a] defendant cannot simply allege the presence of favorable material and win reversal of his conviction. Rather, [he] must prove the favorable character of evidence he claims has been improperly suppressed. Speculative allegations are not adequate.'" Currie v. Commonwealth, 30 Va. App. 58, 67, 515 S.E.2d 335, 340 (1999) (quoting Hughes v. Commonwealth, 18 Va. App. 510, 526, 446 S.E.2d 451, 461 (1994)). "[A] constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." United States v. Bagley, 473 U.S. 667, 678 (1985).

Coley, 55 Va. App. at 630, 688 S.E.2d at 291-92.

"The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Hicks, 289 Va. at 299, 768 S.E.2d at 420 (quoting Workman, 272 Va. at 645, 636 S.E.2d at 374). "A reviewing court must determine whether the withheld favorable evidence 'could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict'; that is, whether such evidence was material." Id. (quoting Strickler v. Greene, 527 U.S. 263, 290 (1999)).

"The Brady disclosure requirements extend to information that can be used to impeach a witness' credibility." Lovitt v. Warden, Sussex I State Prison, 266 Va. 216, 245, 585 S.E.2d 801, 817 (2003). However,

> [i]t is well-settled in Virginia that a litigant's right to impeach the credibility of adverse witnesses by showing their participation in criminal conduct has been confined to questions about a conviction for a felony, perjury, and a misdemeanor involving moral turpitude. This limitation upon a defendant's impeachment rights is a reasonably necessary measure to restrict the scope of a criminal trial. . . . [A]dmission of unadjudicated crimes for purposes of general impeachment of a witness would "lead to confusion in directing the jury's attention to collateral matters and away from the issues of the case."

- 4 -

Ramdass v. Commonwealth, 246 Va. 413, 423, 437 S.E.2d 566, 572 (1993) (quoting Clark v. Commonwealth, 202 Va. 787, 790, 120 S.E.2d 270, 273 (1961)) (other citations omitted), vacated on other grounds, 512 U.S. 1217 (1994). See also Johnson v. Commonwealth, 41 Va. App. 37, 45, 581 S.E.2d 880, 884 (2003) (failure to disclose witness' misdemeanor convictions prior to trial did not violate Brady because convictions did not involve offenses of moral turpitude and were therefore inadmissible at trial).

We recognize that "the right to cross-examine a witness to show bias or motivation to falsify, when not abused, is absolute." Lewis v. Commonwealth, 269 Va. 209, 214, 608 S.E.2d 907, 911 (2005). This right is grounded in an accused's right to confront his accusers. Brown v. Commonwealth, 246 Va. 460, 464, 437 S.E.2d 563, 564-65 (1993). Nevertheless, "Brady is 'a disclosure rule, not a discovery rule.'" Commonwealth v. Tuma, 285 Va. 629, 635, 740 S.E.2d 14, 18 (2013) (quoting United States v. Higgins, 75 F.3d 332, 335 (7th Cir. 1996)). The "limited purpose of the Brady rule is '"to assure that [the defendant] will not be denied access to exculpatory [or impeachment] evidence known to the government but unknown to him."'" Id. (quoting Lugo v. Munoz, 682 F.2d 7, 10 (1st Cir. 1982)).

Here, appellant contends the Commonwealth withheld evidence of charges pending against Harkless in another jurisdiction at the time of his trial.[2] Because Harkless had not been convicted of a felony or a crime of moral turpitude, the charges were not admissible to impeach her, and therefore, did not constitute Brady material on that basis. See Ramdass, 246 Va. at 423, 437 S.E.2d at 572; Johnson, 41 Va. App. at 45, 581 S.E.2d at 884.

Likewise, the charges were not admissible to prove Harkless was biased or motivated to falsify her testimony against appellant. On appeal, appellant does not explain how, if the Hopewell charges had been disclosed prior to trial, he would have used those charges to establish

_____

[2] We assume, without deciding, that the Commonwealth suppressed the pending charges.

- 5 -

Harkless was biased or motivated to lie about his having a firearm. Instead, he simply assumes that the charges constituted impeachment evidence, and therefore, satisfied the first prerequisite for a Brady violation.

At the hearing on appellant's motion to set aside the verdict based on the alleged Brady violation, Russell testified that Harkless was offered nothing in exchange for her testimony, and received no special consideration in the Hopewell matter in exchange for her testimony against appellant.

In denying appellant's motion, the trial court ruled that

> it's required by Brady v. Maryland that evidence of prior convictions of witnesses be disclosed for impeachment purposes. These are not prior convictions that we're talking about today. These are pending charges that were – that the victim had in another jurisdiction. Now, there was some discussion about the Hanover situation involving filing a false police report, and, apparently, that just came out through conversation, and that's fine. Now, they would have been required to have been disclosed to the other side were the victim receiving some benefit. In other words, if she was given a reduction in her charges in another jurisdiction were she to testify and be helpful in this case. There's been no evidence of that based upon Detective Russell's testimony. So . . . the Court does not find that it was a Brady violation in this case.

We agree with the trial court.

As the pending charges in Hopewell were not "favorable" to appellant for impeachment purposes, appellant has failed to satisfy the first prong of the three requirements for a Brady violation. See Hicks, 289 Va. at 299, 768 S.E.2d at 420. Thus, no Brady violation occurred by virtue of the Commonwealth's failure to disclose the charges prior to appellant's trial.

Accordingly, we affirm the trial court's denial of appellant's motion to set aside the verdict.

II.

Appellant also maintains the evidence was insufficient to support his conviction because Harkless's testimony was not credible. He points out that both he and defense witness Iteka Epps testified shots were not fired in the area until after the altercation between him and Harkless had concluded.

"On appeal, the judgment of the trial court is presumed [to be] correct." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin, 4 Va. App. at 443, 358 S.E.2d at 418).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Here, the trial judge found that Harkless's testimony about appellant's possession of the gun was credible and was corroborated both by the presence of the bullet casings at the scene and the bullet hole in the interior of Harkless's car. Her account was also corroborated by the

injuries to her face and neck observed and photographed by Russell on the evening of the incident.

Thus, the evidence was competent, credible, and sufficient to prove appellant's guilt beyond a reasonable doubt. The trial court's judgment is affirmed.

<u>Affirmed.</u>